[Cite as *State v. Rucker*, 2025-Ohio-702.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2024CA0070-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW A. RUCKER | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 2024CR0156 |

DECISION AND JOURNAL ENTRY

Dated: March 3, 2025

SUTTON, Judge

{¶1} Defendant-Appellant Matthew A. Rucker appeals the judgment of the Medina County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} Mr. Rucker's criminal convictions arose from a series of events that occurred on March 4, 2024, which included Mr. Rucker attacking the victim, who was his girlfriend at that time, his possession of a firearm, and an armed stand-off with police requiring evacuation of other tenants of the apartment building where Mr. Rucker was staying with the victim.

{¶3} On March 12, 2024, Mr. Rucker was indicted by the Medina County Grand Jury on three counts: (1) having weapons while under disability, in violation of R.C. 2923.13(A)(2), together with a specification for forfeiture of a weapon while under disability, in violation of R.C. 2941.1417(A), a felony of the third degree; (2) abduction, in violation of R.C. 2905.02(A)(2), a

felony of the third degree; and (3) inducing panic, in violation of R.C. 2917.31(A)(3), a felony of the fifth degree. On April 3, 2024, the grand jury issued a supplemental indictment adding a fourth count: failure to register, in violation of R.C. 2950.04(E), a felony of the third degree.[1]

{¶4} Counts 1, 2, and 4 each carried a maximum of 36 months in prison, and Count 3 carried a maximum of 12 months in prison.

{¶5} Mr. Rucker eventually pleaded guilty to the indictment and supplemental indictment, acknowledging there was "no agreement on sentencing[.]" The trial court referred Mr. Rucker to the Medina County Adult Probation Department for a pre-sentence investigation ("PSI").

{¶6} Prior to the sentencing hearing, the State filed its sentencing memorandum, arguing consecutive sentences were necessary to protect the public from future crime by Mr. Rucker and to punish Mr. Rucker. The State set forth the circumstances of March 4, 2024:

> Mr. Rucker grabbed the victim, squeezed her face and cheeks and broke her necklace. He had her pinned down and bit her throat. The victim told him to leave and Mr. Rucker responded that she was "stuck with [him] for life or I'll kill you bitch." She was thrown so hard onto the bed that it broke the box spring and injured her shoulder. He tore her clothes, scraped her with a ring and locked her in her bedroom.
>
> . . .
>
> The victim managed to escape the apartment . . . and make it to Brunswick Beverage . . . nearly a half a mile away from her apartment. She was crying, visibly shaken, bruised and her shirt was nearly torn off.
>
> . . .
>
> Officers responded to the apartment in order to arrest Mr. Rucker. He retreated into the apartment and refused to come out. Mr. Rucker had on his person a loaded Glock 43 9mm pistol with two magazines and was wearing a makeshift holster that

---

[1] Mr. Rucker had previously been convicted of sexual battery, in violation of R.C. 2907.03(A)(2), and he was required to register as a Tier III sex offender with the Medina County Sheriff's Office as a result of this conviction.

contained a kitchen knife. SWAT was called, and after a several hour standoff that included the evacuation of other tenants in the building, Mr. Rucker exited the building and was taken into custody.

{¶7} In spite of a no-contact order, Mr. Rucker continued to contact or attempt to contact the victim. He attempted to call her 164 times between April 11, 2024 and May 30, 2024. Several of the calls went through and Mr. Rucker spoke to the victim. Mr. Rucker continued to call the victim numerous times after May 30, 2024, as well.

{¶8} The State set forth Mr. Rucker's criminal history in its sentencing memorandum, which included convictions for abduction, sexual battery, menacing, escape, and possession of drugs.

{¶9} At the sentencing hearing, counsel for Mr. Rucker argued for community control sanctions or non-consecutive sentences. Counsel stated the information in the PSI appeared to be accurate. Counsel then argued Mr. Rucker has a long history of mental health issues and the accidental death of Mr. Rucker's four-year old son the prior year impacted Mr. Rucker's behavior. Counsel acknowledged "the trauma [the victim is] suffering because of this[.]" Counsel acknowledged the telephone calls from Mr. Rucker to the victim but said Mr. Rucker now understood "[s]he's moved on and he has to move on."

{¶10} Mr. Rucker spoke on his own behalf at his sentencing hearing and initially "apologize[d] for [his] situation" and "apologize[d] to [the victim] going through the pain she's going through, our situation and me not coming out when the cops came to the door." Mr. Rucker talked about the son he lost and said, "I was just going through some things." Concerning what he did to the victim, Mr. Rucker told the trial court, "[n]obody was hurt[,]" and "[w]e wasn't even fighting. It was just a small argument. It wasn't nothing." The trial court stated to Mr. Rucker, "[w]ell, if that is your position. That is not what is shown in the police report and that is something

that I have to consider when I'm entering your sentence because if you're not aware of the harm that you caused, you're more likely to cause harm again in the future to some other person." The trial court further stated, "[t]he victim did suffer physical harm in this matter. [Your statement] doesn't show that you show genuine remorse."

{¶11} The trial court also explained that Mr. Rucker had prior offenses of violence and was assessed as a high-risk offender on the Ohio Risk Assessment Survey. In imposing sentence, the trial court found consecutive sentences were necessary to protect the public from future crime and to punish Mr. Rucker for the offenses in this matter. The trial court further found consecutive sentences were not disproportionate to the seriousness of Mr. Rucker's conduct and the danger he poses to the public, the offenses were committed as part of a course of conduct, the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflect the seriousness of the conduct, and Mr. Rucker has a history of criminal conduct.

{¶12} The trial court sentenced Mr. Rucker to 30 months each on Counts 1, 2, and 4, and to 10 months on Count 3 "to be served consecutively with each other[.]"

{¶13} Mr. Rucker appeals, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED BY SENTENCING [MR. RUCKER] TO CONSECUTIVE PRISON TERMS TOTALING ONE HU[N]DRED (100) MONTHS, OR EIGHT YEARS AND FOUR MONTHS, CONTRARY TO LAW IN VIOLATION OF R.C. 2953.08(G)(2).**

{¶14} In his sole assignment of error, Mr. Rucker argues his sentence of consecutive prison terms is contrary to law. Mr. Rucker specifically argues the victim was not harmed, he surrendered peacefully to the police, and the trial court "incorrectly found [he] was not aware of

the harm he caused and failed to show genuine remorse where Mr. Rucker correctly noted that no physical harm resulted to the victim[.]" Mr. Rucker further argues the death of his son adversely affected his mental health and behavior. The State argues the record supports the trial court's imposition of consecutive sentences and the sentence is not contrary to law.

{¶15} R.C. 2953.08 provides for an appeal of a felony sentence on certain grounds and provides in part:

> (G)(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it *clearly and convincingly finds either of the following:*
>
> (a) That the record does not support the sentencing court's findings under division . . . (C)(4) of section 2929.14[.]
>
> (b) That the sentence is otherwise contrary to law.

(Emphasis added.)

{¶16} Clear and convincing proof is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Fry,* 2024-Ohio-2351, ¶ 9 (9th Dist.), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶17} R.C. 2929.14(C)(4) requires the trial court to make certain findings when imposing consecutive sentences. These findings include: (1) the consecutive terms are necessary to protect the public from future crime or to punish the offender; (2) the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses

to the public; (3) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and (4) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. The trial court made the required findings on the record.

{¶18} Nevertheless Mr. Rucker argues the victim was not harmed, he showed remorse for his actions, and he surrendered peacefully to police. Our review of the record, including the sentencing transcript and the PSI, however, does not clearly and convincingly demonstrate Mr. Rucker's sentence is contrary to law. The PSI contains a factual account of what Mr. Rucker did to the victim and the physical harm he caused her, which is consistent with the State's sentencing memorandum and what was stated at the sentencing hearing. Mr. Rucker's attorney stated the PSI appeared to be accurate. Mr. Rucker has a significant criminal history and despite efforts at rehabilitation, he continues to commit violent criminal offenses. Mr. Rucker surrendered to police after a several-hour armed stand-off which required a response by the SWAT team. Mr. Rucker superficially expressed remorse at the hearing but then minimized his actions and the harm he caused to the victim.

{¶19} The record supports the trial court's findings, and Mr. Rucker's sentence is not contrary to law. Accordingly, Mr. Rucker's sole assignment of error is overruled.

III.

{¶20} For the forgoing reasons, Mr. Rucker's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.